ANDRÉU, AGUILAR & Co., INC., ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN ET AL., Respondents.

No. 30. Argued March 19, 1945.—Decided April 12, 1945.

*C. Andréu Ribas* for petitioners. *Jesús A. González, Acting Attorney General,* and *J. Rivera Barreras, Deputy Attorney General,* for recpondents.

Mr. Chief Justice Travieso delivered the opinion of the court.

On October 23, 1944, the People of Puerto Rico brought, in the District Court of San Juan, an action against the corporation Andréu, Aguilar & Co., Inc., its directors, petitioners herein, and Glenns Falls Indemnity Co., as surety to recover the sum of $11,893.34, alleged to be owed by the defendant corporation, which was dissolved in 1942, to the People of Puerto Rico on account of excises, surcharges, interest, and penalties in connection with the sale of motor vehicles and parts thereof. Since the debtor corporation was dissolved without leaving any assets whatsoever, the plaintiff prayed that the directors and liquidators of said corporation and the surety company be adjudged to pay the sum claimed.

The defendants appeared and filed a motion alleging that the district court lacked jurisdiction over the subject matter of the action, as the latter was within the exclusive jurisdiction of the Tax Court created by Act No. 169 of 1943 (Laws of 1943, p. 600). Upon said motion being denied, the defendants applied to this court for a writ of certiorari which was issued, and the case was finally submitted to us on March 19, 1945. ·

■■ Sections 3 and 4 of Act No. 169 of 1943, in so far as now pertinent, provide as follows:

"Section 3.— . . . . . All actions, remedies, or proceedings which must be substantiated before the Tax Court of Puerto Rico shall be instituted by means of a sworn complaint of the claimant person or entity, . . . . . within the 30 days following the date of the service of notice thereof by the Treasurer of Puerto Rico, in any of the following cases: (1) Assessment or reassessment of personal property, tangible or intangible, or of real property; (2) Appraisal made for inheritance tax purposes, . . . . .; (3) Liquidation or reliquidation of the amount of the income tax, including notices of deficiencies or of any other nature; (4) Refusals to return any tax improperly paid, or paid in excess, or otherwise unlawfully collected;

(5) Request for payment by the Treasurer of Puerto Rico by virtue of any excise or license taxes, or any other tax or impost not previously specified; *Provided,* That the period of 30 days to which this section refers shall be suspended if during said period the Treasurer is asked for a reconsideration of his decision and he grants such reconsideration, in which case, the said period of thirty days, already started to run, shall continue to be reckoned from the date on which the Treasurer serve notice of his final decision on the incident of reconsideration upon the interested party; *And provided, further,* That the attachment-service and the attachment proceedings for the collection of the tax the object of the action or remedy shall be suspended,. : . . . until the court renders its decision, provided the court, upon application of the taxpayer, and after summoning the Treasurer of Puerto Rico, . . . . the furnishing of bond, etc.''

"Section 4.—The Tax Court shall have *exclusive* jurisdiction to take cognizance of all cases of revision of the assessment or reassessment of personal property, tangible or intangible, or of real property, *and of all actions, proceedings, special or extraordinary remedies, and claims of any kind, relating to or affecting the levying, collection, payment, return, or reimbursement of all kinds of taxes, including excise* and income taxes, the Victory Tax, inheritance and license taxes, and any other taxes or imposts, as well as to take cognizance of taxes improperly paid, or paid in excess, or unlawfully collected, the return of which may have been refused by the Treasurer. *This jurisdiction,* however, *cannot be pleaded before the court by any person until there has been a proper administrative decision in the matter on the part of the Treasurer of Puerto Rico, according to law.''* (Italics ours.)

It is obvious that, in accordance with the above-quoted legal provisions, the Tax Court has exclusive jurisdiction of all actions brought by a taxpayer and directed against an administrative decision of the Treasurer (*a*) assessing or reassessing particular properties; or (*b*) fixing the amount of the inheritance tax payable; or (*c*) fixing the amount of the income tax or determining deficiencies; or (*d*) denying the refund of taxes improperly collected; or (*e*) requiring the taxpayer to pay any excise, tax or impost. It is equally obvious that, in accordance with the provisions of § 4, *supra,*

no taxpayer may invoke the jurisdiction of the Tax Court before the Treasurer has rendered his decision in a controversy between him and the taxpayer, or before he has demanded payment from the latter of a certain sum on account of taxes, excises, or imposts of any kind.

In the complaint involved in this case it is alleged that repeated demands were made upon the defendants for payment of the amounts claimed by the Treasurer. Immediately upon being served with the demand for payment of the excises, the defendants could have applied to the Tax Court for a revision of the decision of the Treasurer imposing said excises. They failed to do so perhaps expecting that the Treasurer would proceed to collect the tax by way of distress.

It has been definitively established by several decisions of this court that in every action relating to the collection of all kinds of taxes, including excises, the Tax Court is vested with exclusive jurisdiction. *Fernández* v. *Buscaglia, Treas.,* 60 P.R.R. 582; *Mayagüez Sugar Co.* v. *Court of Tax Appeals,* 60 P.R.R. 737; *Power Electric Co.* v. *Buscaglia, Treas.,* 63 P.R.R. 945; and *Ballester* v. *Court of Tax Appeals,* 60 P.R.R. 749.

Counsel for the People of Puerto Rico argue that the exclusive jurisdiction of the Tax Court is confined to cases, like the ones above-cited, where the action or proceeding is instituted by the taxpayer for the review of an administrative decision of the Treasurer of Puerto Rico, and it does not extend to actions or proceedings brought by the Treasurer or the People of Puerto Rico for the collection of taxes or excises, because in the latter cases there would not be involved any administrative decision of the Treasurer which might serve as a basis for invoking the jurisdiction of the Tax Court, as required by § 4 of Act No. 169 of 1943, *supra.* They further argue that where the collection of a liquidated

and demandable sum is to be enforced against a taxpayer by the Treasurer, the latter must resort to the judicial tribunals and not to the Tax Court.

The arguments of the intervener have failed to convince us. The action brought in this case, despite the allegations to the contrary, is one whose sole purpose is to collect unpaid excises which were imposed on automobile sales alleged to have been made by the defendant corporation.

Section 4 of Act No. 169 of 1943 confers on the Tax Court exclusive jurisdiction to take cognizance of all actions, proceedings, remedies, and claims relating to or affecting the collection of taxes or excises. There is no doubt that if the Treasurer had resorted to distraint proceedings for the collection of the excise taxes claimed in this case, the defendant corporation could have invoked the exclusive jurisdiction of the Tax Court to take cognizance of the controversy between the parties. We do not think that it was the intention of the Legislature to confer on the Tax Court exclusive jurisdiction to take cognizance of a controversy between the Treasurer and a taxpayer when said controversy is submitted to that tribunal by the taxpayer while withholding from it jurisdiction to hear the same controversy at the instance of the Treasurer.

The action in the present case was brought by the People of Puerto Rico. An administrative determination or decision fixing the amount owed by the defendant corporation on account of excises, interest, and penalties must certainly have been made by the Treasurer of Puerto Rico, as he is the officer charged by law with the duty of levying and collecting all kinds of taxes and excises. We fail to see any reason why the People of Puerto Rico could not invoke the jurisdiction of the Tax Court, relying on an administrative decision rendered by the Treasurer, in accordance with the provisions of § 4, *supra*.

We are of the opinion that the purpose of the Act creating the Tax Court was to establish a tribunal vested with

exclusive jurisdiction, before which the taxpayers as well as the Treasurer of Puerto Rico may appear in order to institute any action, proceeding, or claim relating to or affecting the levying, collection, payment, return, or reimbursement of all kinds of taxes and excises.

The main action brought in this case is one of those comprised within the exclusive jurisdiction of the Tax Court and the district court lacks jurisdiction to take cognizance of the same.

The order sought to be review must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.